# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50055 | **DATE** | 3/22/2011 |
| **CASE TITLE** | Perez Funches (#N-64546) v. Larry Jones, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $21.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Dixon Correctional Center. However, summonses shall not issue at this time. Plaintiff's motion for appointment of counsel [#3] is granted. The Court appoints John W. France, Cicero & France, 6323 East Riverside Blvd., Rockford, IL 61114 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Count Two of the complaint on file is dismissed. Appointed counsel should notify the Court within sixty days, if he intends to proceed with Count One of this complaint, or if he intends to file an amended complaint. If counsel is unable to file an amended complaint in compliance with his obligations under FED. R. CIV. P. 11(a), he should so inform the Court.

*/s/ Philip G. Reinhard*

■ **[For further details see text below.]**

Docketing to mail notices.

## STATEMENT - OPINION

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that Defendants violated his rights at Dixon Correctional Center by violating his right to practice his religion (African Hebrew Israelite) under the First Amendment to the United States Constitution and under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000(cc), (hereinafter, "RLUIPA"). More specifically, Plaintiff is alleging that Defendant Jones, the Chaplain at Dixon Correctional Center has failed to provide Plaintiff with any opportunity to participate in religious services. He further alleges that he submitted grievances, notifying Defendants Chandler, Randle and Anderson of the alleged violations of his right to free exercise, and they did nothing to intervene.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $21.00. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Plaintiff states a § 1983 claim against Defendant Jones for violation of his First Amendment right to free exercise of his religious beliefs and a claim under the RLUIPA, 42 U.S.C. § 2000(cc). *See Maddox v. Love*, 2007 WL 3333251, *2 (S.D. Ill. Nov. 9, 2007) (Gilbert, J.); *Funches v. Ebbert*, 2007 WL 3333240, *6 (S.D. Ill. Nov. 9, 2007).

**(CONTINUED)**

AWL

      Count Two of Plaintiff's complaint, however, is flawed. His contention is that his First Amendment rights were violated because prison officials failed to respond to grievances he filed concerning the denial of his religious rights. The failure of Defendants to respond to a grievance, however, does not violate Plaintiff's right to petition the government for redress of a grievance. The Constitution requires no grievance procedure at all, and the failure of Defendants to reply to a grievance -- or to follow their own grievance procedures -- does not violate the Constitution. *See Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).  Plaintiff alleges that Defendants Chandler, Randle, and Anderson failed to investigate his claims.  This in and of itself is insufficient to state a claim under the First Amendment and under RLUIPA.  Consequently, Count Two must be dismissed.

      Because of the nature of Plaintiff's allegations, the Court hereby appoints John W. France, Cicero & France, 6323 East Riverside Blvd., Rockford, IL 61114 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

      After investigation, appointed counsel should notify the Court within sixty days if he intends to proceed with Count One of this complaint, or if he intends to file an amended complaint.  If counsel is unable to file an amended complaint in compliance with his obligations under FED. R. CIV. P. 11(a), he should so inform the Court.