## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 11 C 50055 | DATE | 6/13/2012 |
| CASE TITLE | Perez Funches (#N-64546) vs. Larry Jones, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants in part and denies in part defendants' motion to dismiss.

*Philip G. Reinhard*

■ [ For further details see text below.]    Notices mailed by Judicial staff.

### STATEMENT - OPINION

      Plaintiff, Perez Funches, filed, pursuant to 42 U.S.C. § 1983 and Illinois law, a three-count amended complaint against defendants, Larry Jones, a chaplain at the Dixon Correctional Center (DCC), Curtis O'Neal, an assistant warden at the DCC, Nedra Chandler, the warden at the DCC, and Michael Randle, the director of the Illinois Department of Corrections. Count I alleges that plaintiff was denied his freedom of religion under the First Amendment. Count II alleges a violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § § 2000cc-1. Count III alleges a violation of the Illinois Religious Freedom Restoration Act, 775 ILCS 35/1 et seq.

      All defendants have moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss all claims as barred by the doctrine of issue preclusion (collateral estoppel) because plaintiff previously litigated the same claims in the United States District Court for the Southern District of Illinois which resulted in a jury verdict in favor of the defendants in that case. Randle also seeks dismissal because, based on the allegations, he was not personally involved in any of the claimed improper conduct.

      A dismissal under Rule 12(b)(6) is required if the facts pleaded fail to describe a claim that is plausible on its face. London v. RBS Citizens, N.A., 600 F. 3d 742, 745 (7th Cir. 2010). When considering the validity of a complaint, a court may take judicial notice of matters of public record. Brown v. Kraft Foods Global, Inc., 2011 WL 3477087, * 2 (E.D. Wisc. Aug. 9, 2011). Thus, while an affirmative defense such as issue preclusion will often require reference to matters outside the pleadings, if it relies on matters of which a court may take judicial notice, such as a prior court record, it may be disposed of under Rule 12(b)(6) without converting the motion to one for summary judgment. Southland Management Corp. v. RSUI Indemnity Co., 2012 WL 274019, * 1 (E.D. Wisc. Jan. 31, 2012).

      The doctrine of issue preclusion, or collateral estoppel, is narrower than that of res judicata. Matrix IV, Inc. v. American National Bank and Trust Co. of Chicago, 649 F. 3d 539, 547 (7th Cir. 2011). For issue preclusion to apply it must be shown that: (1) the issue sought to be precluded is the same as that involved in the prior litigation; (2) the issue has been actually litigated; (3) the determination of the issue was essential to

the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action. Matrix IV, Inc., 649 F. 3d at 547.

Here, defendants contend that the same claims in this case were previously rejected by a jury in the prior case. This argument fails under the first element of issue preclusion. First of all, plaintiff's prior claim was based solely on the First Amendment. That alone prevents application of issue preclusion to the two statutory claims alleged in this case.

Additionally, as to the First Amendment claim, there has been no showing on this record by defendants that the First Amendment claim in the prior case is the same as the one in this case. The mere fact that both claims depend upon a denial of religious freedom under the First Amendment is not enough by itself. While the jury in the earlier case apparently found that no violation occurred under the facts of that case, there is simply no way the court can conclude on the record provided that the nature and extent of the alleged violation here is coextensive with what happened in the prior case. It is not enough to merely assert that both cases involve an alleged denial of religious freedom in a prison context. Defendants having failed to establish that the First Amendment issue here is the same as that resolved in the prior case, the court denies the motion to dismiss based on issue preclusion.

That leaves Randle's motion to dismiss based on a lack of personal involvement. A defendant must be personally involved with a § 1983 violation to be liable for damages. Johnson v. Randle, 2012 WL 1964996, * 9 (S.D. Ill. May 31, 2012). In other words, the defendant must have caused or participated in the alleged constitutional violation. Johnson, at * 9. In the context of a prison grievance, a defendant must have done more than merely review and approve a grievance decision to have been personally involved. Johnson, at * 9. A defendant who reviews a complaint is not liable for the underlying, complained-of behavior simply because he reads and dismisses it. Johnson, at * 9 (citing Burks v. Raemisch, 555 F. 3d 592, 595 (7th Cir. 2009). Further, a defendant is entitled to delegate decisions to his staff without being liable for each of their decisions. Johnson, at * 9.

In this case, the amended complaint merely alleges as to Randle that he "directed and authorized his signature" thereby "concurring with the recommendation to deny plaintiff's grievance." There are no other direct allegations pertaining to Randle's participation in any of the claimed violations. This allegation is insufficient to show personal involvement and, therefore, Randle is entitled to be dismissed as a defendant.

For the foregoing reasons, the court denies the motion to dismiss to the extent it is based on issue preclusion on this record and grants the motion to dismiss as to Randle to the extent it is based on a lack of personal involvement.